UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:13-CV-692-DJH-CHL

JOSEPH MASTERSON,                                                                    Plaintiff,

v.

XEROX CORPORATION, et al.,                                                 Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion to compel filed by Plaintiff Joseph Masterson ("Masterson").  The motion is styled "Plaintiff's Motion to Enforce May 28, 2014 Order for Production of Website and Application" (DN 64) and is referred to herein as the "Motion to Compel."  Defendants MetLife, Inc.,[1] Gannett Co., Inc. ("Gannett"), and Xerox HR Solutions, LLC ("Xerox") filed a response in opposition (DN 73) to the Motion to Compel, and Masterson filed a reply.  (DN 78.)  This matter is now ripe for review.  For the following reasons, the Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

## Background

In a recent memorandum opinion and order, the Court relayed the facts as alleged by Masterson.  (*See* DN 87 (memorandum opinion and order granting Masterson's motion for leave to file third amended complaint).)  In short, Masterson alleges that Defendants improperly denied claims that he filed pursuant to accidental death and dismemberment and child life insurance policies that he purchased in conjunction with his employment by Gannett.  Masterson filed his insurance claims in relation to the death of his twenty-two-year-old son, Riley Masterson, on or

---

[1]      By Agreed Order entered on November 12, 2014 (DN 77), Defendant Metropolitan Life Insurance Company ("MetLife"), was substituted for former defendant MetLife, Inc.

about September 26, 2012.  Defendants maintain that the claims were properly denied pursuant to the relevant policy language.

Underlying the Motion to Compel is a relatively lengthy procedural history.  On May 28, 2014, following an in-chambers conference with counsel, the Court entered an order ("May 28, 2014 Order") (DN 51) regarding document production.  The Court "determined that [prior to entering a scheduling order,] it would be appropriate for there to be a brief period of disclosure . . . [in order to] assist the parties in reviewing and evaluating the extent to which this case is governed by ERISA,[2] and the extent, if any to which state law claims may be applicable."  (DN 51 at 1.)  The Court ordered as follows:

> [W]ithin forty-five days of the entry of this order, all defendants shall disclose to the plaintiff and to other parties any documents which may constitute an agreement, contract of insurance, plan document, summary plan description, or other document which *could be fairly understood to constitute all or part of the agreement with the plaintiff Joseph Masterson* with respect to the provision of life insurance for himself, his family, and his son, Riley Masterson, as alleged in the amended complaint. *Hypertechnicality is discouraged*.

(*Id.* (emphasis added).)

The parties filed reports regarding their purported compliance with the May 28, 2014 Order.  Xerox and MetLife stated that they had produced to Masterson all documents in their possession, custody, or control that fit within the scope of the May 28, 2014 Order.  (*See* DN 54, 55.)  Masterson then filed a notice attaching five pages from a website that he identified as the "Gannett Benefits Website" ("Website").  (DN 56.)  Masterson states that the Website includes

---

[2]        "ERISA" is the acronym commonly used to refer to the federal Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*

2

information regarding the insurance plans provided by Gannett, including those plans in which he enrolled; he further alleges that Defendants have failed to produce the Website.  (*Id.*)

Next, following a status conference on August 14, 2014, the Court ordered the parties to submit a *joint* proposed scheduling order, "accompanied by relevant case law, as to their respective positions regarding discovery and further case management."  (DN 57.)  The parties responded by filing *separate* proposed scheduling orders with lengthy portions dedicated to legal argument.  (DN 58 ("Joint Proposed Scheduling Order and Statement of Authorities" filed by MetLife, Gannett, and Xerox); DN 59 ("Plaintiff's Compliance with Court's Order of August 19, 2014 and Proposed Scheduling Order"); DN 60 (Defendants' amended proposed scheduling order and statement of authorities); DN 61 (Masterson's supplement to DN 59).)  Around the same time, Masterson filed two motions.  On August 29, 2014, he filed a motion for leave to file a third amended complaint ("Motion to Amend") (DN 60), and on September 22, 2014, he filed the Motion to Compel.  (DN 64.)  Briefing on the two motions continued simultaneously.  The Court recently granted the Motion to Amend.  (DN 87)

Masterson asks the Court to compel Defendants to produce the Website and an application ("Application") mentioned in the policy previously produced by Defendants. Masterson argues that the Website is "used by Defendants to communicate with and enroll up to 25,000 people, and market and sell benefits, including life insurance."  (DN 64 at 2.)  Masterson alleges that based on "other purported plan documents" produced in this case, it appears that "information about the plan" is located on the Website, and that such plan documents direct employees to the Website in order to enroll.  (*Id.* (citing DN 61-1).)  Masterson emphasizes the Court's statement in the May 28, 2014 Order that "[h]ypertechnicality is discouraged."  (DN 51.)

3

He argues that Defendants are required, pursuant to the May 28, 2014 Order, to produce a full copy of the Website and the Application because they fall within the scope of the insurance agreement between Masterson and Defendants, as defined in the May 28, 2014 Order.  (*See* DN 51.)  Masterson describes Defendants' failure to produce a full copy of the Website and Application as part of a pattern of failing to provide Masterson with plan documents in spite of his multiple requests for the same.

Gannett and Xerox filed a joint response (DN 72) to the Motion to Compel.  They represent that MetLife and Gannett produced relevant documents in response to the May 28, 2014 Order.[3]  Gannett and Xerox argue that the Court should deny the Motion to Compel because the Website is not a plan document, but rather, merely a mechanism for enrollment. They further argue that the Application sought by Masterson is also not a plan document, and therefore, it is not within the scope of the May 28, 2014 Order.  MetLife filed a separate response (DN 73) to the Motion to Compel.  MetLife points to its statement of compliance with the May 28, 2014 Order (DN 51) and contends that it does not have possession, custody, or control of the Website.  MetLife represents that it has already produced the policyholder Application.

<u>Discussion</u>

**A.  Legal Standard**

"When faced with questions over, or disputes about, what information or documents may be obtained based on their relevancy, it is axiomatic that the trial court is afforded broad discretion to determine the bounds of inquiry."  *Janko Enters. v. Long John Silver's, Inc*., 2013 U.S. Dist. LEXIS 135107, *5 (W.D. Ky. 2013) (citing *Chrysler Corp. v. Fedders Corp*., 643

---

[3]     They further argue that Xerox merely provides administrative services for the Website and is not a plan administrator.  As a result, they contend, Xerox has no information that would constitute a plan document, policy, or agreement to provide insurance to Masterson or his family.  (DN 72 at 3.)

4

F.2d 1229, 1240 (6th Cir. 1981), *cert. denied*, 454 U.S. 893 (1981)) (other citations omitted). The scope of civil discovery is set out in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The Rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).  The scope of discovery is not without limits, however.  "On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

"[A] party may move for an order compelling disclosure or discovery," provided that the party certifies to the Court that it has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.  Fed. R. Civ. P. 37(a)(1); *see id.* at (a)(3)(B)(iii)-(iv) (providing that a party may move to compel answers to interrogatories submitted under Rule 33).

District court review of a denial of benefits based on a plan covered by ERISA involves special considerations not covered solely by the Rules of Civil Procedure excerpted above. "Where a plan vests the administrator with discretion to determine the eligibility for benefits and construe the plan's terms, review looks to whether the administrator's decision was arbitrary and capricious."  *Austin-Conrad v. Reliance Std. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 94367, * 6

5

(W.D. Ky. July 21, 2015) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Generally, "[r]eview of the denial of benefits is [] confined to the administrative record, and the court may not consider any evidence not presented to the plan administrator." *Id.* (citing *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998). However, courts at all levels have grappled with–and ultimately recognized–the existence of situations in which at least some degree of discovery beyond the administrative record is appropriate.

### B. Application to this Case

As the Court has noted several times in this case, and as is clear from the parties' briefs, the extent to which this case is governed by ERISA and the extent, if any, to which state law may be applicable, remain in dispute. At this stage in the litigation, and until the extent to which ERISA governs is determined, the Court simply cannot conclude that discovery must be limited to the record before the plan administrator at the time that Masterson's claims were denied. This is particularly true in light of the language of the May 28, 2014 Order. It should be clear from that language that Defendants were required to turn over to Masterson not only the documents that Defendants believe ERISA requires them to produce. (*See* DN 51 at 1 (ordering "all defendants [to] disclose to the plaintiff . . . any documents which may constitute an agreement, contract of insurance, plan document, summary plan description, *or other document which could be fairly understood to constitute all or part of the agreement with plaintiff*") (emphasis added).) Rather, as the May 28, 2014 Order states, "[h]ypertechnicality is discouraged," and Defendants must produce each and every document that could potentially fall within the scope of that Order.

Indeed, the very purpose of the May 28, 2014 Order was to encourage Defendants to produce sufficient information to allow for a determination of whether ERISA applies in this

6

case, and if so, to what extent.  For Defendants to base their arguments in opposition to the Motion to Compel on the scope of discovery in ERISA cases is circular and not conducive to reaching a determination as to the applicability of ERISA.  Moreover, a requirement that any Defendant produce the documents that Masterson seeks does not necessarily have any bearing on the future progression of this case.  For example, should the Court determine at a later date that its review of this case is limited to the administrative record, then the Website and Application would not factor into the Court's analysis.

Accordingly, IT IS HEREBY ORDERED that Masterson's Motion to Compel (DN 64) is **GRANTED IN PART** and **DENIED IN PART**.

(1)   The Motion to Compel is **GRANTED** as to Defendant Gannett.  **No later than September 11, 2015**, Gannett shall PRODUCE to Masterson electronic copies of (1) the Gannett benefits Website, in its entirety; and (2) the Application.

(2)   The Court accepts MetLife's representations and finds that MetLife previously produced the Application and that MetLife does not have possession, custody, or control of the Gannett benefits Website.  Accordingly, the Motion to Compel is **DENIED** as to Defendant MetLife.

(3)   Finally, the Court accepts Xerox's representations and finds that Xerox does not have possession, custody, or control of the Gannett benefits Website or the Application.  Accordingly, the Motion to Compel is **DENIED** as to Defendant Xerox.

cc:  Counsel of record

7